**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| NATASHA DAWN LAM, | CASE NO. 5:25-CV-468-KKC |
| **Plaintiff,** | |
| v. | **OPINION and ORDER** |
| FRANK BISIGNANO COMMISSIONER OF SOCIAL SECURITY, | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on Plaintiff Natasha Dawn Lam's Motion for Summary Judgement. (R. 5.)  Lam brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, DENIES Plaintiff's motion (R. 5) and AFFIRMS the Commissioner's decision.

## I.  BACKGROUND

On February 10 2024, Lam filed her claim for DIB. (Administrative Record (hereinafter "AR") at 27.)  At the time of her application DIB, Lam was thirty-nine years old. (AR at 42.) Lam has a high school education and past relevant work experience as a coin collector and warehouse worker. (*Id.*)

Lam's claim was denied initially on August 11, 2025 (AR at 44), on reconsideration, and again following a *de novo* administrative hearing by an Administrative Law Judge ("ALJ"). (AR at 530.) On October 28, 2025, the agency's Appeals Council denied review (AR at 5–10.) This appeal followed.

## II. REVIEW PROCESS AND ALJ DECISION

### A. Standard of Review

This Court's review of the Administrative Law Judge's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC*, v. *Roswell*, 574 U.S. 293, 301 (2015). The "substantial evidence," standard requires courts to look at the administrative record and determine whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 103.  The substantial evidence standard—more than a mere scintilla of evidence but less than a preponderance, *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)—is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding, which is itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152–53 (1999).

In reviewing the decision of the Commissioner, courts do not try the case de novo, resolve conflicts in the evidence, or assess questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Similarly, courts do not reverse findings of the Commissioner or the ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Rather, courts

must affirm the ALJ's decision if substantial evidence supports it, even if the court might have decided the case differently if in the ALJ's shoes. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## B.  ALJ Process

To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

*Step 1*:  If the claimant is doing substantial gainful activity, the claimant is not disabled.

*Step 2*:  If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3*:  If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

*Step 4*:  If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

*Step 5*:  If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.*

3

336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* 20 C.F.R. § 404.1520(g)(1).

### C. ALJ Decision

In denying Lam's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act 20 C.F.R. § 404.1520(a)-(e).

At step one, the ALJ determined that Lam has not engaged in substantial gainful activity since September 21, 2022, the alleged onset date. (AR at 30.)

At step two, the ALJ determined that Lam suffers from the following severe impairments: degeneration of cervical spine; gastroesophageal reflux disease; hypercholesterolemia; hearing loss; headaches/migraines, status post-traumatic brain injury; depression; anxiety with agoraphobia; post-traumatic stress disorder (20 CFR 404.1520(c)). (AR at 30.)

At step three, the ALJ found that Lam does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 30.)

Before proceeding to step four, the ALJ determined that Lam has the residual functional capacity (RFC) to perform "light" work as defined by 20 C.F.R. § 404.1567(b) with the following limitations:

> no lifting or carrying more than 20 pounds occasionally and 10 pounds frequently; no standing or walking more than six hours out of an eight-hour day; no sitting more than six hours out of an eight-hour day; can do unlimited pushing and pulling up to the exertional limitations; no more than frequent balancing; no more than occasional stooping, kneeling, crouching, crawling, or climbing of ramps or stairs, but no climbing of ladders, ropes or scaffolds; no more than frequent reaching overhead with the right, dominant upper extremity; no more than frequent handling or fingering with the right dominant upper extremity; no work in areas of concentrated heat or cold; no

4

work in areas of concentrated humidity; no work in areas of concentrated full body vibration; no work around dangerous, moving machinery or unprotected heights; can understand, remember and carry out simple instructions; no more than occasional interaction with co-workers, supervisors, and the general public; can maintain pace to perform simple instructions; and no more than occasional changes in the workplace setting

(AR at 32-33.)

At step four, the ALJ found that Lam is unable to perform any past relevant work under 20 CFR 404.1565. (AR at 41.)

At step five, the ALJ determined that, given Lam's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform and, thus, is not disabled.  (AR at 42.)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Lam's request for review. *See* 20 C.F.R. § 422.210(a); (AR 5–10). Lam has therefore exhausted her administrative remedies and filed a timely appeal.

## III.  ANALYSIS

Lam argues that the ALJ erred by (1) selectively citing evidence from the record as well as misstating and mischaracterizing material facts; (2) finding the claimants complaints to be inconsistent with her daily activities; (3) ignoring crucial medical evidence; (4) failing to consider the unique characteristics of her mental health when reviewing the medical records; and (5) disregarding her subjective complaints based on the alleged inconsistency with the objective medical evidence in the record. (R. 5 at 4.)

Lam's arguments all relate to a disagreement with the ALJ's determination. It bears repeating that this Court is not empowered to overturn the ALJ's decision merely because it would have reached a different outcome. Rather, the Court must determine if the ALJ relied on "substantial evidence," i.e., evidence that a reasonable mind might accept as adequate. *Consolidated Edison Co.* v. *NLRB*, 305 U. S. 197, 229 (1938). Evidentiary sufficiency here is

"not high" and is a "deferential standard." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019);

*Dickinson v. Zurko*, 527 U.S. 150, 152–53 (1999). Accordingly, even if there is evidence in

support of Lam's arguments, the Court must uphold the ALJ's decision if there is evidence

for his findings. *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 400 (6th Cir.

2018) ("[I]t is not for us to decide if there was evidence in favor of [the plaintiff's] position.

'The substantial-evidence standard . . . presupposes that there is a zone of choice within

which the decisionmakers can go either way, without interference by the courts.'").

In this case, the ALJ's decision was supported by substantial evidence. As to Lam's

contention that the ALJ failed to list numerous conditions as severe, she fails to realize that

"so long as the ALJ considers all of the individual's impairments, the 'failure to find

additional severe impairments … does not constitute reversible error.'" *Kirkland v. Comm'r

of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013). Lam states that the ALJ overlooked

Episodic Paroxysmal Anxiety, IVI Major Depressive Disorder (MDD), Social Anxiety

Disorder, Generalized Anxiety Disorder (GAD), and Insomnia (5E/3) Compartment

Syndrome status post-surgery of the lower extremities, and vision problems including

diplopia. (R. 5 at 6.) Notwithstanding Lam's argument, the ALJ did consider her anxiety-

related disorders when determining her RFC. (*See* AR at 33.) Specifically, he mentioned

"anxiety with agoraphobia," her inability to sleep, and her nightmares. (AR at 36.) The ALJ's

consideration of her mental conditions constitutes substantial evidence.

As to Lam's argument that the ALJ overlooked her physical impairments of

compartment syndrome and vision problems, the record reveals a different story. The ALJ

acknowledged Lam's compartment syndrome, and he also considered other similar

impairments including degenerative disc disease, lower back pain, and her muscle and

strength mobility. (AR at 37.)

6

Further, the ALJ specifically noted Lam's "alleged vision problems." (AR at 38.) He described in detail the medical appointments and procedures that she underwent regarding her vision but determined that the evidence did not substantially support the level of severity and frequency of the alleged symptoms and limitations. (*Id.*) This is substantial evidence.

Substantial evidence also supports the ALJ's determination that Plaintiff had the RFC to perform a limited range of light work. (AR at 32–34). Consistent with agency policy, the ALJ considered the evidence, including medical evidence, medical opinions and prior administrative medical findings, and Plaintiff's allegations, and assessed Plaintiff's RFC based on his consideration of the record as a whole. The ultimate decision of a claimant's RFC is made by the ALJ. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004); 20 C.F.R. 404.1546(c). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

In contrast to Lam's argument, the ALJ considered her subjective complaints. Specifically, he recounted Lam's limitations and compared that to the reports of the consultative examiners. Based off of this, the ALJ found that the objective evidence was not consistent with her subjective complaints. (AR at 38.)

Lam's argument that the ALJ selectively cited evidence and ignored crucial evidence is unavailing. This is because "[a]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite to specific evidence does not indicate that it was not considered." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). By discussing his objective findings, his reports to providers, the efficacy of his treatment, his daily activities, and prior administrative findings from state agency medical consultants, the ALJ built an accurate and logical bridge between the evidence and his conclusions. In fact, as to her headaches, the

7

ALJ found that Plaintiff had migraines that were severe and registered her complaints of daily migraine headaches (AR at 30, 34). However, the ALJ noted that the evidence did not support headaches as frequent or severe as Plaintiff alleged, noting a lack of urgent care or hospital visits for migraine headaches. (AR at 39.) This is sufficient to meet the substantial evidence standard.

Lam also argues that the ALJ cherry-picked facts. The Court is not persuaded by this argument. As recognized by the Sixth Circuit, "cherry picking" allegations are seldom successful because crediting them would require courts to re-weigh record evidence. *DeLong v. Comm'r of Soc. Sec.,* 748 F.3d 723, 726 (6th Cir. 2014). The Court cannot and will not re-weigh evidence that Lam believes falls in her favor. The relevant inquiry for this review is whether the ALJ had substantial evidence for his decision. Because the Court determined that the ALJ's decision was based on substantial evidence, Lam's Motion (R. 5) is denied.

## IV.    CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby ORDERED that:

(1)    The Plaintiff's Motion for Summary Judgment (R. 5) is DENIED;

(2)    The decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(3)    A judgment will be entered contemporaneously with this order.

This 3rd day of August, 2026.



Signed By:

*Karen K. Caldwell*

United States District Judge